| | | |
|---|---|---|
| Gazi Abdulhay, M.D., Gynecologic | : | In The United States District Court For |
| Oncology Associates of Lehigh Valley, Inc. | : | The Eastern District of Pennsylvania |
| t/a Lehigh Valley Women's Cancer | : | |
| Center, Abdulhay Associates, L.P., and | : | |
| Bethlehem Ambulatory Surgery | : | |
| Center, LLC, | : | |
|     Plaintiffs | : | No. 03-CV-4347 |
| | : | |
|   v. | : | |
| | : | |
| Bethlehem Medical Arts, L.P., | : | |
| Bethlehem Medical Arts, LLC, | : | |
| Kevin T. Fogarty, M.D., individually | : | |
| and as Managing Director of | : | |
| Bethlehem Medical Arts, L.P., and as | : | |
| President of Bethlehem Medical | : | |
| Arts, LLC, Roth Marz Partnership, P.C. | : | |
| and Mark R. Thompson, individually | : | |
| and as Vice President of Roth Marz | : | Jury Trial Demanded |
| Partnership, P.C., | : | |
|     Defendants | : | |

**Plaintiffs' Second Set of Supplemental Jury Instructions**

Plaintiffs Gazi Abdulhay, M.D., Gynecologic Oncology Associates of Lehigh Valley, Inc. t/a Lehigh Valley Women's Cancer Center, Abdulhay Associates, L.P. and Bethlehem Ambulatory Surgery Center, LLC, respectfully submit this Second Set of Supplemental Jury Instructions to address legal issues discussed in the Court's March 31, 2006 Opinion deciding defendants' summary judgment motions and to correct Plaintiffs' Supplemental Jury Instruction No. 36a.

DM1\629043.1

**Plaintiffs' Supplemental Jury Instruction No. 28a(i)**

You may consider evidence of comments or remarks made by Defendants' representative, Dr. Mark Schadt, after June of 2003 and during 2004 as probative of Defendants' managerial attitudes and Defendant Bethlehem Medical Arts, L.P.'s atmosphere or culture at the time of the events in June of 2003.  Evidence of comments, remarks and events concerning Dr. Schadt that were testified to by Maurice Salim may be considered as circumstantial evidence of discrimination.

Source:  Lockhart v. Westinghouse Credit Corp., 879 F.2d 43, 54 (3d Cir. 1989);  Brewer v. Quaker State Oil Refinery Corp., 72 F.3d 326, 334 (3d Cir. 1995);  Ryder v. Westinghouse Electric Corp., 128 F.3d 128, 133 (3d Cir. 1997);  Roebuck v. Drexel University, 852 F.2d 715, 733 (3d Cir. 1988);  Abrams v. Lightolier, Inc., 50 F.3d 1204, 1214 (3d Cir. 1995)

**Plaintiffs' Supplemental Jury Instruction No. 30b**
**Modification Of Contracts**

A written agreement may be modified by a subsequent written or oral agreement and this modification may be shown by writings or by words or by conduct or by all three.

**Source:**  Hampden Real Estate, Inc. v. Metropolitan Management Group, Inc., 142 Fed. Appx. 600 (3d Cir. 2005), *quoting* Kersey Mfg. Co. v. Rozic, 207 Pa. Super. 182, 215 A.2d 323, 324 (1965), *rev'd on other grounds*, 422 Pa. 564, 222 A.2d 713 (1966).

A written contract may be modified by a subsequent oral agreement.

**Source**:  The First National Bank of Pennsylvania v. The Lincoln National Life Insurance Company, 824 F.2d 277, 280 (3d Cir. 1987), *citing* Universal Builders Inc. v. Moon Motor Lodge, Inc., 430 Pa. 550, 557, 244 A.2d 10, 15 (1968); C.I.T. Corp. v. Jonnet, 419 Pa. 435, 214 A.2d 620 (1965); Wagner v. Graziano Construction Co., 390 Pa. 445, 448-449, 136 A.2d 82, 83-84 (1957).

Modification of a contract may be accomplished by either words or conduct.

**Source:**  The First National Bank of Pennsylvania v. The Lincoln National Life Insurance Company, 824 F.2d at 280, *citing* Betterman v. American Stores Co., 367 Pa. 193, 200, 80 A.2d 66, 71, *cert. denied*, 342 U.S. 827 (1951); Knight v. Gulf Ref. Co., 311 Pa. 357, 360-361, 166 A. 880, 882 (1933).

A subsequent oral modification, if proven by clear, precise and convincing evidence, is valid despite a provision in the original written agreement prohibiting non-written modifications.

**Source:**  The First National Bank of Pennsylvania, 824 F.2d at 280, *citing* Nicolella v. Palmer, 432 Pa. 502, 508, 248 A.2d 20, 23 (1968).

Pennsylvania law requires additional consideration or reliance to support a contractual modification.

**Source:**  Barnhart v. Dollar Rent A Car Systems, 595 F.2d 914, 919 (3d Cir. 1979), *citing* Nicolella v. Palmer, 432 Pa. 502, 248 A.2d 20; General Electric Co. v. N.V. Ovalle, Inc., 335 Pa. 439, 445, 6 A.2d 835, 838 (1939).

3

**Plaintiffs' Supplemental Jury Instruction No. 30c**
**Contracts – Course Of Dealing And Course Of Performance**

"Course of dealing" is a sequence of previous conduct between the parties which is fairly regarded as establishing a common basis of understanding for interpreting their expressions and other conduct. "Course of performance" is a sequence of conduct between the parties subsequent to the formation of the contract during performance of the terms of the contract. "Course of dealing" may supplement or qualify terms of an agreement, whereas course of performance may be used only to interpret a contract.

**Source:** J.W.S. Delavau, Inc. v. Eastern America Transport & Warehousing, Inc., 2002 Pa. Super. 336 * 30, 810 A.2d 672, 683-684 (2002), *app. denied*, 2003 Pa. LEXIS 997 (Pa. 2003), *citing* Matthews v. Unisource Worldwide, Inc., 2000 Pa. Super. 57, 748 A.2d 219 (2000), *app. den.*, 795 A.2d 977 (Pa. 2000).

## Plaintiffs' Supplemental Jury Instruction No. 30d
## Third Party Beneficiaries

Generally speaking, two contracting parties can create rights in a third party.

**Source:**  12 P.L.E. 2d Contracts § 201.

Plaintiffs contend that the Lease signed by Bethlehem Medical Arts and Abdulhay Associates created rights in Dr. Abdulhay, Bethlehem Ambulatory Surgery Center and Lehigh Valley Women's Cancer Center.  Pennsylvania law recognizes that under certain circumstances, a person or entity who did not sign a contract and is a third party beneficiary under that contract may recover on that contract.

**Source:**  Gazi Abdulhay, M.D., et al. v. Bethlehem Medical Arts, L.P., et al., 2006 U.S. Dist. LEXIS 14857 * 25-26 (E.D. Pa. March 31, 2006).

In order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary and that intention must have affirmatively appeared in the contract itself.

**Source:**  Burks v. Federal Insurance Company, 2005 Pa. Super. 297, 883 A.2d 1086, 1088 (2005), *quoting* Scarpitti v. Weborg, 530 Pa. 366, 609 A.2d 147 (1992).

Even where the contract does not expressly state that the third party is intended to be a beneficiary, the party may still be a beneficiary if (1) recognition of the beneficiary's right is appropriate to effectuate the intention of the parties; and (2) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

**Source:**  Burks v. Federal Insurance, 2005 Pa. Super. 297 * 7-8, 883 A.2d at 1088, *quoting* Guy v. Liederbach, 501 Pa. 47, 459 A.2d 744, 751 (Pa. 1983).  *See also*  Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 401 (E.D. Pa. 2002).

The Court has discretion to decide if the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties.

**Source:**  Blue Mountain Mushroom, 246 F. Supp. 2d at 401, *citing* Scarpitti v. Weborg, 530 Pa. at 371; 609 A.2d at 150.

6

Based on the evidence introduced during this trial, you are instructed that Abdulhay Associates and Bethlehem Medical Arts, L.P. intended that Dr. Abdulhay, Bethlehem Ambulatory Surgery Center and Lehigh Valley Women's Cancer Center benefit under the Lease.

**Source:**  <u>Blue Mountain Mushroom</u>, 246 F. Supp. 2d at 401.

**Plaintiffs' Supplemental Instruction No. 36a [Corrected]**
**Civil Conspiracy**

There are two different conspiracy claims in this case.  One is brought pursuant to section 1985(3) and alleges conspiracy to deprive plaintiffs of their federally protected civil rights.  The other conspiracy claim is governed by Pennsylvania common law.  To prove a civil conspiracy under Pennsylvania common law, plaintiffs must show that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means.

**Source:**  Scully v. U.S. Wats, Inc., 238 F.3d 497, 516 (3d Cir. 2001); Reading Radio, Inc. v. Fink, 2003 Pa. Super. 353 * 37, 833 A.2d 199, 214 (2003), *app. den.*, 2004 Pa. LEXIS 695 (2004).

A civil conspiracy may be proven by acts and circumstances sufficient to warrant an inference that the unlawful combination was formed for the purpose charged.  While conspiracy may be proved by circumstantial evidence, the evidence must be full, clear and satisfactory.

**Source:**  *Scully v. U.S. Wats*, 238 F.3d at 516.

The elements of a civil conspiracy are: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.

**Source:**  *General Refractories Company v. Fireman's Fund Insurance Company*, 337 F.3d 297, 313 (3d Cir. 2003), *quoting Strickland v. University of Scranton*, 700 A.2d 979, 987-988 (Pa. Super. 1997).

In the tort and conspiracy contexts, an officer or director, such as defendant Dr. Kevin Fogarty, Managing Director of defendants BMA and BMA, LLC or Mark R. Thompson, a former Vice President of Roth Marz Partnership, P.C., are liable for actions taken by others in the business if they took an active role in the wrongful conduct.  Under the participation theory, a

corporate officer can be liable for misfeasance, the improper performance of an act, but not for mere nonfeasance, which is the omission of an act which a person ought to do.

**Source:** *Malmros v. Jones,* 2004 U.S. Dist. LEXIS 4371 * 20 (E.D. Pa. 2004).

                              DUANE MORRIS LLP

                    By: _____
                              Joan R. Sheak
                              I.D. No. 24746
                              Stephen A. Mallozzi
                              I.D. No. 80060
                              968 Postal Road
                              P.O. Box 90400
                              Allentown, PA  18109-0400
                              (610) 266-3650

                              Counsel for Plaintiffs

**Certificate Of Service**

I hereby certify that on June 15, 2006, I caused a true and correct copy of Plaintiffs' Second Set of Supplemental Jury Instructions to be served by hand delivery upon:

Maura E. Fay
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA  19103

DUANE MORRIS LLP

By: _____
Joan R. Sheak
I.D. No. 24746
Stephen A. Mallozzi
I.D. No. 80060
968 Postal Road
P.O. Box 90400
Allentown, PA  18109-0400
(610) 266-3650

Counsel for Plaintiffs

9